IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN P. ALDERETE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  4:25-CV-1249 |
| | § | |
| PLATINUM PRESS, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

1.  Plaintiff JOHN P. ALDERETE ("Mr. Alderete" or "Plaintiff"), by and through his undersigned counsel, files this Original Complaint against Defendant PLATINUM PRESS, INC. ("Defendant" or "Platinum"), and alleges as follows:

### I.   PARTIES

2.  Plaintiff JOHN P. ALDERETE is an individual who resides in Grand Prairie, Texas, and at all relevant times was employed by Defendant in Fort Worth, Texas.

3.  Defendant Platinum Press is a Texas corporation with its principal office at 4251 Empire Road, Fort Worth, Texas 76155.  Defendant may be served with process through its registered agent, Ferguson, Braswell & Fraser, PC, 2500 Dallas Parkway, Suite 600, Plano, TX 75093.

### II.   JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 as this action arises under federal statutes prohibiting employment discrimination and retaliation. Venue is proper in this Court under 28 U.S.C. §1391(b) because Defendant conducts business in

Tarrant County, Texas, and the unlawful acts and omissions giving rise to this action occurred within the Fort Worth Division of the Northern District of Texas.

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 450-2025-09277, on or about July 27, 2025.

6. Plaintiff has either received a Notice of Right to Sue from the EEOC or has satisfied all other conditions precedent to the filing of this suit. This action has been timely commenced.

### IV.   FACTUAL BACKGROUND

7. Plaintiff was hired as a production employee by Defendant on or about April 8, 2022, and consistently met or exceeded performance expectations..

8. In or around March 2024, Plaintiff reported to Human Resources and management that a female coworker, Sharon ("Shadow"), and several of her friends in the Quality Control department were harassing him, calling him "viejitos" ("old man), ridiculing him, and threatening him with physical harm.

9. Plaintiff immediately reported these incidents to his supervisor and HR representatives. Management held a meeting acknowledging the harassment was "true and factual," yet took no remedial action, allowing the harassment to continue.

10. In early 2025, another employee, Chris (Flexo Operator), threatened Plaintiff with bodily harm in the restroom after Plaintiff continued to report harassment.

11. Plaintiff reported the threat immediately, yet Defendant failed to protect him. Plaintiff became fearful for his safety and working in this hostile environment.

12. On or about June 19, 2025, Defendant abruptly terminated Plaintiff, falsely accusing him of harassment. The timing and pattern demonstrate a causal connection between Plaintiff's protected activity and his discharge.

13. Defendant's actions were willful, malicious, and taken with reckless disregard for Plaintiff's federally protected rights.

## V.    CAUSES OF ACTION

***COUNT ONE:    SEX DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2(a)***

14. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

15. Plaintiff is a male employee who was treated less favorably than similarly situated female employees in the workplace. Female employees, including "Shadow" (Sharon) and her associates, targeted Plaintiff with ridicule, disrespect, and false accusations, creating a climate of hostility toward him because of his sex.

16. Plaintiff repeatedly complained to supervisors and Human Resources about this conduct, but Defendant failed to take any prompt or effective remedial action.

17. Defendant ultimately terminated Plaintiff based on a false accusation made by one of the same female employees who had been harassing him, demonstrating that Defendant accepted and acted upon gender bias rather than investigating objectively.

18. Defendant conduct constitutes discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964. Defendant's actions were willful, intentional, and in reckless disregard of Plaintiff's federally protected rights.

**COUNT TWO:   AGE DISCRIMINATION IN VIOLATION OF THE ADEA, 29 U.S.C. § 623**

20. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

21. Plaintiff was fifty-nine (59) years old at the time of the events described herein and therefore within the class protected by the ADEA.

22. Defendant's employees and supervisors repeatedly referred to Plaintiff using age-based slurs, including calling him "viejitos" ("old man"), and treated him as less capable than younger workers.

23. Despite Plaintiff's strong work record, Defendant allowed the harassment to persist and ultimately terminated him while retaining younger employees who engaged in similar or worse conduct.

24. Defendant's actions were motivated by age bias and constitute age discrimination in violation of the ADEA.

25. Defendant's violations were willful and deliberate, entitling Plaintiff to liquidated damages pursuant to 29 U.S.C. §626(b).

**COUNT THREE:   RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e-3(a); AND THE ADEA 29 U.S.C. § 623(d)**

24. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

25. Plaintiff engaged in protected activity by repeatedly reporting harassment, discrimination, and threats to Defendant's management and Human Resources.

26. Defendant had actual knowledge of these protected complaints through internal meetings, email communications, and direct reports to supervisors.

27. Shortly after Plaintiff's final complaints, Defendant terminated his employment on a fabricated accusation of harassment. Defendant's adverse actions were taken because of Plaintiff protected activity, and there is a clear causal connection between his reports and his discharge.

28. Defendant's conduct constitutes retaliation in violation of both Title VII and the ADEA and was willful, malicious, and in reckless disregard of Plaintiff's federal protected rights.

**COUNT FOUR: HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e-2(a); AND THE ADEA 29 U.S.C. § 623(a)**

24. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

25. Plaintiff was subjected to a severe and pervasive hostile work environment based on his sex and age. The conduct included repeated verbal harassment, public ridicule, and intimidation by female coworkers who called him "viejitos" ("old man"), made disparaging remarks about his age, and threated him with physical harm.

26. Plaintiff repeatedly reported this conduct to his supervisor and Human Resources, but Defendant failed to take prompt and effective remedial action.

27. The harassment unreasonably interfered with Plaintiff's ability to perform his job, created a climate of fear and humiliation, and ultimately culminated in his retaliatory termination.

28. Defendant's failure to prevent or correct the harassment after receiving multiple complains constitutes a violation of Title VII and the ADEA.

29. Defendant acted willfully and with reckless disregard for Plaintiff's federally protected rights.

## VI.   REMEDIES

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant relief as follows:

a. Back Pay and Benefits: An award for the wages, employment benefits, and other compensation Plaintiff would have received but for Defendant's unlawful conduct, plus interest;

b. Compensatory Damages: For emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in an amount to be determined by the jury;

c. Punitive and exemplary damages, in a precise amount to be determined by the jury;

d. Attorneys' Fees and Costs: Reasonable attorneys' fees, expenses, and costs, as provided by statute;

e. Pre- and Post-Judgment Interest; and

f. Any other and further relief the Court deems just and proper.

## VII.   JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully Submitted,

**CARTER LAW GROUP, PC**

*/s/ Amy Carter*
Amy Carter
Texas Bar No. 24004580
amy@clgtrial.com
Taylor Jenkins
Texas Bar No.  24135171
tjenkins@clgtrial.com
351 W. Jefferson Blvd.

    Suite 503, LB 11
    Dallas, TX 75231
    Telephone: (214) 390-4173

    **ATTORNEYS FOR PLAINTIFF**